

# MICHAEL PAUL
— Attorney at Law —

718-793-7285 (office)  
718-755-3817 (cell)

35-07 90th Street, Lower Level Left, Jackson Heights, New York 11372  
Michael@CriminalDefenseLawNYC.com

718-898-0093 (fax)  
718-425-0355(e-fax)

October 25, 2019

Hon. Colleen McMahon  
Chief United States District Judge  
United States District Court  
Southern District of New York  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street  
New York, New York 10007  
Via: Electronically Filed (ECF)

     Re: <u>U.S.A. v. Chong Ok Yu</u>  
       18 Cr. 3 (CM)

Dear Judge McMahon:

  This letter is submitted for Your Honor's consideration in the sentencing of Chong Ok "Julie" Yu. After reviewing the facts set forth below, it is requested that the Court fashion a fair and just sentence that complies with Title 18 U.S.C. §3553(a). Specifically, it is requested that Your Honor sentence Ms. Yu to a term of supervised release/probation, together with the agreed-upon forfeiture amount of $1,000,000.00. Sentencing is set for November 5, 2019.

I. <u>Facts of the Case and Procedural History</u>

  Chong Ok "Julie" Yu was arrested on November 6, 2017 and charged with violating Title 18, U.S.C. §§1952(a)(3) and (2). She appeared before Magistrate Judge Henry B. Pittman and was released on secured bond and under certain conditions, all of which she has complied with.

  On October 16, 2018, the defendant appeared before Magistrate Judge Gabriel W. Gorenstein and pleaded guilty to count one of the Indictment for violating Title 18, U.S.C. §§1952(a)(3) and (2) Use of Interstate Commerce to Promote Prostitution.

  The investigation that resulted in Ms.'s Yu's arrest and prosecution revealed the facts set forth in the Presentence Investigation Report, which we do not dispute, except as set forth below.

## II. The Plea Agreement and Presentence Report

The parties have entered into a plea agreement in this matter. The written agreement was the result of extensive negotiations with Assistant United States Attorneys Justin V. Rodriguez and Sebastian Swett after a careful review of all the facts and circumstances of this case. Upon completing this review, the following Guideline calculation was arrived at by the parties:

| | |
|---|---|
| Base Offense Level (2B1.1(a)(2)) | 14 |
| Less: Acceptance of Responsibility §3E1.1 (a) | -2 |
| Total Offense Level: | 12 |

As noted in the plea agreement and the Presentence Report (PSR) issued by the Probation Department on December 10, 2018, Ms. Yu's Criminal History Category is I. The Stipulated Guideline Range for imprisonment is 10-16 months. There is no minimum mandatory imprisonment. Chong Ok Yu has agreed to forfeit the sum of $1,000,000.00, which represents the proceeds from the offense.

Although it has been our intention to have the forfeiture proceeds fully paid to the government at or prior to sentencing, the sale of the defendant's property upstate has not yet occurred. Due to the depressed real estate market in Monticello, Sullivan County, there have been no offers to purchase my clients land. The defendant consents to the entry of a one million dollar judgment against her to be secured by the upstate land which is set forth in the annexed Exhibit.

The defense disputes the four-level enhancement for coercion which was applied in the PSR and joins in the Government's interpretation that it should not apply. Although these allegations were set forth in the initial complaint the Government asserted that they were unable to find evidence of coercion that would support this enhancement.

## III. Chong Ok "Julie" Yu's Personal Background

Part C of the PSR contains a detailed overview of the defendant's personal background and is adopted by the defendant.

The defendant, at 67 years of age, has had some health concerns and has recently undergone a surgical procedure, which is detained in the annexed Exhibit. In addition, on November 20, 2019, she is scheduled to undergo an additional surgical procedure to remove abdominal polyps.

IV. Legal Argument

Imposition of a sentence of incarceration under the circumstances of this case would violate the statutory mandate that courts should impose a sentence "sufficient, but not greater than necessary, to ... provide just punishment .... ", 18U.S.C. § 3553(a). A sentence of incarceration is not only not required by the sentencing guidelines, but, as discussed below, the guidelines allow this Court to take into account all of these factors in fashioning an appropriate sentence. Indeed, the Supreme Court has stated that: "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States District Judge." *Koon v. United States*, 116 S.Ct. 2035, 2045 (1996). Until relatively recently, the U.S. Supreme Court had ruled consistently that the U.S. Sentencing Guidelines were a "mandatory-guideline system" and were therefore binding on district judges. *Mistretta v. United States*, 488 U.S. 361, 367 (1989); *Stinson v. United States*, 508 U.S. 36,42 (1993). However, as the Court is well aware, in *United States v. Booker*, 543 U.S. 220 (2005), the U.S. Supreme Court held that the system of enhancements established by the Guidelines violated the Sixth Amendment as construed in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) which held that the constitutional right to a jury trial forbade sentences greater than the maximum sentence a judge could impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. To remedy this problem the Supreme Court excised 18 U.S.C. § 3443(b)(1), rendering the Guidelines effectively advisory rather than mandatory. *Booker*, at 756-757. Moreover, the Court ruled that its holding was required to be applied to all cases pending on direct review. Id. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

Following the Supreme Court's decision in *Booker*, the United States Court of Appeals for the Second Circuit considered the inevitable questions concerning the appropriate procedures for determining the disposition of sentencing claims that were pending on direct review at the time the Supreme Court announced its decision in *Booker*. In *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the Court of Appeals held that if a defendant might have been prejudiced by mandatory application of the Guidelines, a remand was required to enable the district judge to determine whether a re-sentencing was appropriate.

Of course, even under the post-Booker regime, the appropriate Guidelines range may still be considered as "the critical starting point for the imposition of a sentence under § 3553(a)". *United States v. Mashek*, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005). And a sentencing judge is "required to consider the relevant guidelines provisions in determining a reasonable sentence". *United States v. Rubenstein*, 403 F.3d 93, 98-99 (2d Cir. 2005). However, unless a sentencing judge considers all of the factors set forth in 18 U.S.C. § 3553(a), as well as the applicable Guidelines range, it cannot be concluded that the resulting sentence is "reasonable". See, *United States v. Crosby*, supra. The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that those purposes are:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

    1) "the nature and circumstances of the offense and history and characteristics of the defendant" [§ 3553(a)(1)];
    2) "the kinds of sentences available" [§ 3553(a)(3)];
    3) "the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct [§ 3553(a)(6); and
    4) "the need to provide restitution to any victims of the offense." [§ 3553(a)(7)].

    Other statutory provisions also give the District Court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the court is required to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation" (emphasis added).

    Under 18 U.S.C. § 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This statutory language certainly overrides the now-advisory policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug and alcohol dependence, and lack of guidance as a youth.

    The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact finding, as well as the remedial majority in Booker, directing courts to consider all of the § 3553 (a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp.2d 984,985-6 (E.D. Wisc. 2005). As one District Judge has observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." *United States v. Jaber*, F.Supp.2d _2005 WL 605787 (D. Mass. March 16,2005) (Gertner, J.). See, also, *United States v. Ameline*, 400 F.3d 646, 655-6 (9th Cir. 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"). Furthermore, the Supreme Court has, in pre-Booker sentencing cases, recognized the District Court's "special competence" when it comes to imposing sentence: "The district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing

district courts have an institutional advantage over appellate courts in making these sorts of determinations "To ignore the district court's special competence about the 'ordinariness' or 'unusualness' of a particular case would risk depriving the Sentencing Commission of an important source of information, namely, the reactions of the trial judge to the fact-specific circumstances of the case .... " _Koon_ at 2046-47, citing, _United States v. Rivera_, 994 F.2d at 951.

V. Conclusion

    While Chong Ok Yu has admittedly made a mistake, she is determined to change her life in the future. She fully accepts responsibility for her conduct and regrets the mistakes she has made. She is looking forward to resuming her life and living her remaining years quietly as a retiree after her sentencing. She is determined to not make the same mistakes she has made in the past. Julie has admitted her wrongdoing, expressed a great deal of remorse and fully appreciates the seriousness of her actions. She has exhibited an insight into the significance of her actions and realizes that her misdeeds have undermined the trust of her family, her friends, her community and of society in general. Ms. Yu is grateful for the opportunity to put this unfortunate chapter of his life behind her. Her breach of the law has had a profound impact upon her life and not only because she was apprehended and prosecuted. Although this arrest and its aftermath have been very difficult and painful for her, she has resolved to soldier through and not be a further burden on society.

    Based upon the facts of this case, as well as the information contained herein, it is respectfully requested that the Court impose a sentence of a term of supervised release/probation, with the agreed upon amount of forfeiture to be secured by a $1,000,000.00 judgment and a lien on her property. Such a sentence is both fair and reasonable and complies with the purposes of sentencing. A disruption in Chong Ok Yu's life by any period of incarceration will be extremely detrimental to her and her family, who would presumably be devastated by the news of her incarceration. To this day, her family unaware of her present legal situation.

    I thank Your Honor for your consideration in this matter.

Respectfully submitted,

Michael Paul

cc:    AUSA Justin V. Rodriguez
       AUSA Sebastian Swett
       U.S. Probation Officer Christina M. Feo

## *Real Estate Owned by Chong Ok "Julie" Yu*

| Address | Owner | Date of Purchase & Price | |
|---|---|---|---|
| 570 West Broadway<br>Monticello, NY | Chong Yu | 09/10/02 | $197,500 |
| 242 State Rte 17b<br>Monticello, NY | Route 17b Hotel Development | 7/27/15 | $300,000 |
| 376 State Rte 52<br>Woodbourne, NY | Joy Luck Gardens | 10/01/02 | $315,000 |
| Parcel 38A-1-13 | Chong Yu | 08/09/06 | $86,666.67 |
| Parcel 38A-1-14 | Chong Yu | 08/09/06 | $86,666.67 |
| Parcel 38A-1-16 | Chong Yu | 08/09/06 | $86,666.67 |